**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RODERICK AUGUST, ET AL.** **CIVIL ACTION**

**VERSUS** **NO. 25-1126-JWD-RLB**

**FORMOSA PLASTICS CORPORATION, LOUISIANA**

**ORDER**

This Order is issued *sua sponte* with respect to the sufficiency of Defendant's assertion in the Notice of Removal that jurisdictional amount is satisfied for the purposes of this Court's exercise of diversity jurisdiction under 28 U.S.C. § 1332.

## I. Background

Roderick August and Jayshawn Johnson (collectively, "Plaintiffs") initiated this action in State court to recover for injuries allegedly incurred in the course and scope of their employment with HPC Industrial Services, LLC ("HPC Industrial"), while providing contractor services at a Formosa Plastics Corporation, Louisiana ("Formosa" or "Defendant") facility located in Baton Rouge, Louisiana. (R. Doc. 1-2 at 6-9, "Petition"). In their Petition, Plaintiffs allege that they were both "exposed to hazardous chemicals present and/or released in the work area" on or about May 21, 2025. (R. Doc. 1-2 at 6). Plaintiffs further allege that they "sustained severe chemical burns and related injuries to their lower extremities, causing extreme pain, medical complications, and permanent scarring, emotional distress, medical expenses, and significant lost wages." (R. Doc. 1-2 at 7).

On December 18, 2025, Formosa removed the action asserting that the Court can exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). For the purposes of establishing complete diversity of citizenship, Formosa alleges that: it is a Delaware corporation with a

principal place of business in New Jersey; Plaintiff August is a citizen Louisiana; and Plaintiff Johnson is a citizen of Texas. (R. Doc. 1 at 4-5). With respect to the amount in controversy requirement, Formosa states that "[t]he totality of all the damages alleged by Plaintiffs in the Petition supports a finding that the amount in controversy exceeds $75,000." (R. Doc. 1 at 7).

The Court finds that Formosa relies on the aggregated damages asserted by both Plaintiffs for the purposes of establishing the jurisdictional amount. Nowhere in the Notice of Removal does Formosa allege that the claims of either Plaintiff August or Plaintiff Johnson independently meet the amount in controversy requirement.

## II. Law and Analysis

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "[Federal courts] must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."). Furthermore, a federal court has an independent duty to determine whether it has subject matter jurisdiction over a case. *Abdalmatiyn v. Harrison*, No. 13-1935, 2013 WL 12126287, at *1 (N.D. Tex. May 24, 2013) (citing *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs*., 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction sua sponte.")); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction. . . ." 28 U.S.C. § 1441(a). Federal courts have original diversity jurisdiction where the cause of action is between "citizens of different States" and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[T]he jurisdictional facts must be judged as of the time the complaint is filed."). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

"To aggregate claims of several plaintiffs the plaintiffs must have a 'common and undivided interest,' though it may be separable as between themselves." *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 780 (5th Cir. 1963). The Fifth Circuit held that "[t]wo or more plaintiffs injured in the same automobile accident have separate and distinct causes of action; even though they join their causes of action in a single unit, they cannot aggregate their claims to achieve the requisite jurisdictional amount." *Id.* at 782 n.3 (internal quotation omitted); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995) ("The Supreme Court has long interpreted § 1332's phrase 'matter in controversy' not to allow multiple plaintiffs to add together separate

and distinct demands, united for convenience and economy in a single suit, to meet the requisite jurisdictional level.").

Having reviewed the Notice of Removal and the Petition, the Court finds it appropriate to require additional briefing as to whether the amount in controversy was satisfied at the time of removal for at least one plaintiff for the purpose of establishing diversity jurisdiction. The Court notes that, in addition to the foregoing issues regarding aggregated damages, the pleading of general categories of damages without any indication of the amount of damages sought will not provide sufficient information to meet the burden of establishing that the amount in controversy is facially apparent. *See Williams v. Atl. Specialty Ins. Co.*, No. 24-426-BAJ-RLB, 2024 WL 5104486, at *3 (M.D. La. Oct. 17, 2024), *report and recommendation adopted*, 2025 WL 610010 (M.D. La. Feb. 25, 2025). "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012).

## III. Conclusion

In light of the foregoing,

**IT IS ORDERED** that Defendant shall submit an Amended Notice of Removal clarifying its allegations with respect to the amount in controversy requirement within **14 days** of the date of this Order. If the Court is not satisfied that the Amended Notice of Removal establishes that the jurisdictional amount is met, the parties may be ordered to submit briefing regarding the jurisdictional amount.

If upon further review of the record the parties agree that the jurisdictional amount is not satisfied, then the parties may jointly seek remand of this action for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on August 27, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**